# In the United States Court of Federal Claims

No. 19-329C
(Filed: April 10, 2019)

* * * * * * * * * * * * * * * * * * * * * * * *

PROGRESS FOR BAKERSFIELD
VETERANS, LLC,

      *Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*,

and

SASD DEVELOPMENT GROUP, LLC,

      *Intervenor*.

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER ON MOTION TO DISMISS

Pending in this bid protest is defendant's motion to dismiss. The government contends that the protest is moot in light of its March 27, 2019 notice of corrective action. In that notice defendant outlines three categories of actions that it plans to take. First, the Veterans Administration ("VA") will reverse its decision eliminating the two proposals from Progress for Bakersfield Veterans, LLC ("PBV") from the competitive range, and the VA will reinstate plaintiff into the competition. Second, the VA will engage in discussions with PBV regarding both of its proposals and permit PBV to submit revised technical and price proposals. Third, the VA will conduct a reevaluation of all offered sites from all offerors to ensure compliance with the site selection criteria set forth in Section 1.11 of the solicitation. The government also outlines the options available to the VA that depend on the results of the reevaluation. The current stop work order would remain in effect for the duration of the VA's corrective action.

Defendant takes the position that these actions are comprehensive of the complaint as currently phrased. Plaintiff disagrees, arguing that the lease awarded to intervenor must be terminated pending reevaluation; that the agency must consider all site requirements stated in the solicitation, not just those included in Section 1.11; and that the agency should apply a particular standard to evaluating site requirements.[1]

We agree with defendant. After reviewing the contentions in the complaint, we find that they are fully addressed by the notice of corrective action. We take at face value the agency's representations. Requiring further assurances from the agency at this point would be inappropriate. Dismissal will be without prejudice to plaintiff's ability to refile a protest, depending on future agency conduct.

Accordingly, defendant's motion to dismiss for lack of jurisdiction is granted. The Clerk of Court is directed to dismiss the complaint and enter judgment accordingly. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge

---

[1] In addition, plaintiff argues that the government should pay PBV's bid and proposal preparation costs and the costs of bringing its protest at GAO, as the government agreed to do at the conclusion of the GAO protest. We view these costs as a species of alternative substantive relief that are mooted by defendant's notice of corrective action.